# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GIOVANNI MARTINEZ, ) | |
| ) | |
| Defendant/Movant, ) | |
| ) | Case No. CIV-16-326-RAW |
| v. ) | |
| ) | Criminal Case No. CR-09-30-RAW |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent. ) | |

## ORDER

On May 28, 2009, Defendant Giovanni Martinez (hereinafter "Defendant") pleaded guilty to Counts One and Three of the Indictment, more particularly described as follows: Count One: Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and Count Three: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Within the plea agreement, Defendant also waived certain appellate and post-conviction rights. On February 10, 2010, the Court found Defendant was a Career Offender and sentenced him to 188 months on Count One, and 120 months on Count Three, to be served concurrently in the custody of the Bureau of Prisons.[1] The Judgment was entered on February 16, 2010.

Now before the Court is Defendant's second or successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1]. Pursuant to the prison mailbox rule, the filing date of this authorized § 2255 motion is June 21, 2016, the date the motion for authorization was delivered to prison authorities for mailing.[2] The Tenth Circuit Court of Appeals granted authorization for Defendant to file this second or successive § 2255 motion in

---

[1] At the sentencing, in accordance with the plea agreement, the Government dismissed Count Two, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A).

[2] Pursuant to 28 U.S.C. § 2255(f)(3), Defendant's motion would be timely if *Johnson* applies herein, because it was filed within one year of the *Johnson* decision, which announced a new substantive rule of constitutional law. *Johnson* was decided by the Supreme Court on June 26, 2015.

1

district court based upon *Johnson v. United States*, 135 S. Ct. 2551 (2015).[3]  See, Order filed July 22, 2016 in CR-09-30-RAW [Doc. No. 87].  In summary, Defendant is claiming that he is no longer a Career Offender in light of *Johnson*, and that he is therefore entitled to sentencing relief.

In *Johnson*, the Supreme Court held that the residual clause of the "violent felony" definition within the Armed Career Criminal Act is unconstitutionally vague.  *See generally Johnson*, 135 S. Ct. 2551.  In this case, however, Defendant was not sentenced as an Armed Career Criminal under the ACCA's residual clause.  Rather, as noted in the Presentence Report ("PSR"), Defendant was sentenced as a Career Offender, having at least two prior qualifying offenses under § 4B1.1 of the United States Sentencing Guidelines.  Defendant has a felony conviction of a controlled substance offense, "Cannabis/Sell/Manufacture/Deliver/Possess with Intent", Circuit Court, Dade County, Florida, Case No. F-01-14231, and a felony conviction of a crime of violence, "Armed Robbery" and "Armed Occupied Burglary (Vehicle)", Circuit Court, Dade County, Florida, Case No. F-01-28249(A).  [PSR, ¶¶ 29, 47 and 48].

On August 11, 2016, the Government filed a motion herein, requesting this Court to stay Defendant's § 2255 motion pending the Supreme Court's resolution of *Beckles v. United States*, No. 15-8544, 136 S.Ct. 2510, 2016 WL 1029080 (June 27, 2016) (order granting certiorari). [Doc. No. 3].  In its motion to stay, the Government provided a summary of issues to be resolved by *Beckles*, along with a response to the Career Offender argument urged by Defendant herein [*Id.* at 1-2].  The Government claimed this Defendant, in order to prevail, "must establish, among other things, that *Johnson*'s constitutional holding applies to the residual clause definition of a "crime of violence" in U.S.S.G. § 4B1.2's Career Offender Guideline and that it does so retroactively on collateral review."  [*Id.*].  This Court recognized *Beckles* would likely control the result in this matter, and on November 3, 2016, the Government's unopposed motion to stay was granted [Doc. No. 4 at 3].

On March 6, 2017, the Supreme Court issued its opinion in *Beckles v. United States*, ___U.S.___, 137 S. Ct. 886 (2017), concluding that the U.S. Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause.  *Id.* at 892.  Of particular

---

[3]  The *Beckles* case mentioned herein had not been decided at the time the Tenth Circuit granted authorization to file this second or successive § 2255 motion.

importance herein, the *Beckles* Court decided that the vagueness holding in the *Johnson* case does not apply to the Career Offender provisions of the Sentencing Guidelines. *Id*. In the case at hand, the record clearly establishes this Defendant was sentenced as a Career Offender under § 4B1.2 of the Sentencing Guidelines. The *Beckles* decision therefore controls the outcome here, meaning *Johnson* does not apply and this Defendant is not entitled to sentencing relief.[4]

Accordingly, the stay previously imposed on November 3, 2016, is hereby vacated, and the Defendant's second or successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED.[5] Furthermore, Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Therefore, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this Court hereby declines to issue a certificate of appealability.

It is so ordered this 10th day of April, 2017.

*(signature)*

---
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

[4] *See also, United States v. Ramos*, No. 16-5128, ___Fed.Appx.___, 2017 WL 894428 (10th Cir. March 7, 2017) (unpublished).

[5] The motion, files and records of this case conclusively show that Defendant is entitled to no relief. Thus, no evidentiary hearing was held.